1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7

8    PMI MORTGAGE INSURANCE CO.,

9            Plaintiff,                     No. C 02-1774 PJH

10       v.                                **ORDER GRANTING IN PART
                                           AND DENYING IN PART MOTION**
11   AMERICAN INTERNATIONAL                **TO ALTER OR AMEND FINDINGS**
     SPECIALTY LINES INSURANCE             **OF FACT AND CONCLUSIONS OF**
12   COMPANY,                              **LAW**

13           Defendant.
     _____/
14

15          Before this court is defendant American International Specialty Lines Ins. Co.'s

16   ("AISLIC"'s) motion for an order altering or amending the findings of fact and conclusions of

17   law rendered by this court on November 13, 2006.  Having carefully read the parties'

18   papers and considered the relevant legal authority, the court hereby rules as follows.[1]

19                                 **BACKGROUND**

20          This is an insurance case.  Initially, PMI – an insurance company that deals in the

21   mortgage loan industry – was sued in a state court class action lawsuit (the <u>Baynham</u>

22   action), in which the class plaintiffs alleged that PMI's provision of mortgage insurance in

23   connection with certain federally related residential mortgage loans made to plaintiffs

24   violated the Federal Real Estate Settlement Procedures Act ("RESPA") (because the

25   practices constituted illegal "kickbacks").  PMI eventually entered into a settlement

26   _____

27          [1]     This court finds the motion appropriate for decision without further oral argument,
     as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78.  <u>See also</u> <u>Lake at Las Vegas Investors</u>
28   <u>Group, Inc. v. Pacific Malibu Dev. Corp.</u>, 933 F.2d 724, 729 (9th Cir. 1991) (holding that the
     court's consideration of the moving and opposition papers is deemed an adequate substitute
     for a formal hearing), <u>cert. denied</u>, 503 U.S. 920 (1992).

United States District Court

For the Northern District of California

1    agreement with the Baynham plaintiffs, whereby PMI was obliged to pay $17.6 million.  PMI

2    believed that the settlement amount was a covered loss under certain relevant insurance

3    policies and to that end, it gave notice of the $17.6 million obligation to three of its

4    insurance carriers, including AISLIC.  After the carriers declined to cover the alleged loss,

5    PMI filed the instant action against them, asserting two causes of action: (1) declaratory

6    relief regarding defendants' duty to indemnify under the policies; and (2) breach of contract

7    for failure to indemnify.[2]

8         After protracted litigation, involving two sets of summary judgment motions filed in

9    2003 and 2006, the instant case was tried before the court on October 23, 2006.  The sole

10   issue to be decided was whether the Baynham settlement constituted "loss" within the

11   meaning of the AISLIC insurance policy, thereby triggering AISLIC's duty to provide

12   coverage under the policy.  On November 13, 2006, the court issued its findings of fact and

13   conclusions of law and on December 5, 2006, judgment was entered in favor of PMI.

14        In its findings of fact and conclusions of law, the court noted, as it had in one of its

15   earlier summary judgment orders, that pursuant to the terms of the AISLIC policy, AISLIC

16   was required to pay the whole of any "loss" arising from a qualifying "claim," except for any

17   portion of the settlement that AISLIC was able to prove is excluded from the policy's

18   definition of "loss," and furthermore that the Baynham settlement was properly covered as

19   a "loss" under the AISLIC policy, unless it could be proven that the settlement was covered

20   by applicable policy exclusions.  See Findings of Fact and Conclusions of Law ("FOF and

21   COL") at 9:10-20.  The court then considered AISLIC's argument that three specific loss

22   exclusions applied, and in doing so, placed upon AISLIC the burden of proving "what

23   portion, if any, of the Baynham settlement" fell within these exclusions.  Specifically, the

24   court held that AISLIC "must offer nonspeculative evidence sufficient to establish the

25

26        [2]    Plaintiff initially brought suit against two additional defendants, Federal Insurance
     Company ("Federal"), and Columbia Casualty Company ("Columbia").  However, both Federal
27   and Columbia settled with plaintiff, and were dismissed from the instant action on October 23,
     2006.
28

United States District Court

For the Northern District of California

1   identification, allocation, and quantification of specific settlement amounts that are subject

2   to the three [claimed] exclusions." <u>See</u> FOF and COL at 9:26-10:10:1.

3        The court concluded, based on its review of the evidence, that AISLIC had failed to

4   demonstrate that any specific settlement sums could be allocated to the three exclusions at

5   issue.  AISLIC's argument in favor of applying the loss exclusions was premised on the

6   assumption that the <u>Baynham</u> settlement had been made in consideration for release of the

7   <u>Baynham</u> plaintiffs' RESPA claim, from which damages would have stemmed that would be

8   covered by the three loss exclusions.  The court found, however, that AISLIC had failed to

9   introduce evidence demonstrating that any settlement sums were specifically attributable to

10  either the <u>Baynham</u> plaintiffs' RESPA claim, or by extension, to corresponding RESPA

11  damages.  <u>See id</u>. at 11:4-17.  AISLIC could not, therefore, in turn establish that the three

12  loss exclusions applied to any portion of the <u>Baynham</u> settlement.  <u>Id</u>. at 11:18-20.  The

13  court also concluded that, even if AISLIC had been able to prove that the <u>Baynham</u>

14  settlement could be apportioned in such a way that specific settlement sums could be

15  allocated to plaintiffs' RESPA claim and to RESPA damages, AISLIC would still fail to

16  satisfy its burden of proving that the three loss exclusions it relied on applied, since AISLIC

17  failed to introduce evidence at trial establishing as much.  <u>Id</u>. at 12:24-13:23.  Concluding,

18  therefore, that AISLIC had failed its burden to demonstrate that any loss exclusion

19  contained in the AISLIC policy applies to the <u>Baynham</u> settlement, the court entered

20  judgment in favor of PMI.  <u>Id</u>. at 13:24-14:1.

21       AISLIC now files the instant motion requesting that the court amend its findings of

22  fact and conclusions of law, pursuant to Federal Rule of Civil Procedure ("FRCP") 52(b).

23                        **DISCUSSION**

24      A.    Legal Standard

25       A motion amend judgment pursuant to FRCP 52(b) allows the court to amend its

26  findings, or make additional findings, and amend the judgment accordingly, and must be

27  filed not later than 10 days after entry of judgment.  Generally speaking, a motion to amend

28

          3

**United States District Court**

For the Northern District of California

1   based on FRCP 52(b) will not be granted if based on arguments that either were, or could

2   have been, raised at any point prior to the entry of judgment.  See, e.g., Far Out Prods.,

3   Inc. v. Oskar, 247 F.3d 986, 998 (9th Cir. 2001).

4        B.   PMI's Motion to Amend

5        AISLIC asserts that five separate grounds warrant modification or amendment of the

6   court's findings of fact and conclusions of law: (1) the court incorrectly concluded that

7   AISLIC "d[id] not dispute" that approximately $5 million in payment under the Baynham

8   settlement was covered as "loss" under the policy; (2) the court incorrectly concluded that

9   AISLIC failed to introduce evidence that the Baynham settlement could be allocated to the

10  Baynham plaintiffs' RESPA cause of action; (3) the court erred in placing upon AISLIC the

11  burden of demonstrating which portions, if any, of the Baynham settlement amounts

12  constituted damages covered by "loss exclusions;" (4) the court erred in excluding AISLIC's

13  expert from testifying at trial; and (5) the court erred in failing to find that the Baynham

14  settlement constituted restitutionary damages that are uninsurable as a matter of California

15  law and are therefore excluded from the AISLIC policy's definition of "loss."

16        For the reasons that follow, all except the first of these arguments is devoid of merit.

17             1.   Treatment of $5 Million as "Loss" Under AISLIC Policy

18        AISLIC takes issue with the court's statements in the findings of fact and conclusions

19  of law that AISLIC "does not dispute" that approximately $5 million of the Baynham

20  settlement is covered by the AISLIC policy, in the form of "attorneys' fees, payments to

21  charity, and administrative expenses, as well as defense costs advanced to PMI," and

22  furthermore that AISLIC "does not dispute" that these amounts specifically are covered as

23  'loss' under the policy.  See FOF and COL at 11:23-12:4.  AISLIC contends that, contrary

24  to these statements, it never actually conceded and in fact, actively disputed, that the $5

25  million in Baynham settlement payments – including the attorneys' fees, payments to

26  charity, administrative expenses and defense costs – were covered as "loss" under the

27  AISLIC policy.  Accordingly, AISLIC requests that the court modify its findings of fact and

28

4

United States District Court

For the Northern District of California

1   conclusions of law to reflect the fact that AISLIC disputed that the $5 million in question

2   were covered as "loss."

3       Upon review of AISLIC's revised proposed findings of fact and conclusions of law,

4   which were submitted several days after trial, the court is of the opinion that AISLIC did, in

5   fact, dispute the point in question prior to issuance of the court's November 13 findings of

6   fact and conclusions of law.  As AISLIC points out, and as PMI concedes in its own

7   opposition to AISLIC's motion to amend, AISLIC's proposed findings of fact and conclusion

8   of law stated that the nearly $5 million in payments at issue here were "*not* covered under

9   the [AISLIC] policy" since they flowed from the Baynham plaintiffs' RESPA claim in the

10  underlying action.  See Williams Decl., Ex. A at 9:9-14 (emphasis added).

11      However, the fact that AISLIC disputed the question whether the $5 million at issue

12  was covered as "loss" under the AISLIC policy in no way alters the court's actual

13  conclusion that the $5 million *were* covered as "loss."  For, as the court stated in its order,

14  regardless whether AISLIC disputed the point, it nonetheless failed to introduce any

15  evidence allocating *any* specific Baynham settlement amounts to the Baynham plaintiffs'

16  underlying RESPA claim, or otherwise demonstrating that the amounts in question fell into

17  any of the three specific loss exclusions claimed by AISLIC.  See FOF and COL at 12:4-9.

18      In sum, therefore, the court concludes here (1) that AISLIC properly disputed that

19  the $5 million were covered as "loss" under its policy; and (2) that despite this fact, the

20  court correctly concluded that the $5 million in payments *were* covered as loss under the

21  policy, due to AISLIC's failure to submit persuasive evidence to the contrary.  The court

22  accordingly GRANTS AISLIC's motion to amend the court's findings of fact and conclusions

23  of law, but only on the narrow ground that the order should be amended to delete

24  statements to the effect that AISLIC "does not dispute" that the $5 million in payments are

25  covered by its policy, and should be replaced by statements that instead reflect AISLIC's

26  failure to introduce sufficient evidence that the $5 million in payments were not covered.

27      Accordingly, the court's November 13, 2006 findings of fact and conclusions of law,

28

United States District Court

For the Northern District of California

1  beginning on page 11, line 23 and ending on page 12, line 9, shall be amended to read as

2  follows:[3]

> Moreover, as PMI correctly points out, AISLIC has not introduced any evidence that certain portions of the Baynham settlement paid by PMI – approximately $5 million – are excluded from coverage under the AISLIC policy.  These portions include the amounts paid by PMI pursuant to the settlement in the form of attorneys' fees, payments to charity, and administrative expenses, as well as the defense costs advanced to PMI.  AISLIC introduced no evidence demonstrating that these amounts fall into any of the three loss exclusions it asserts.  Accordingly, these amounts, as with the remainder of the Baynham settlement for which AISLIC fails to prove any allocation of sums, qualify as "loss" under the terms of the AISLIC policy.

9         2.    Evidence re Allocation of Baynham Settlement to RESPA Claim

10        AISLIC also takes issue with the court's conclusion that AISLIC failed to introduce

11  any evidence that the Baynham settlement could be allocated to the underlying plaintiffs'

12  RESPA cause of action.  See, e.g., FOF and COL at 12:20-23; 13:8-9; 13:16-18.  AISLIC

13  contends that this conclusion ignores the deposition testimony of Mssrs. Michael Calhoun

14  and Michael Spencer, both of whom represented the Baynham plaintiffs in the underlying

15  action and both of whom expressly acknowledged, according to AISLIC, that the RESPA

16  claims were the "key concern" in the underlying action.  See, e.g., Williams Declaration ISO

17  AISLIC's Motion to Amend ("Williams Decl."), Ex. B at 60:3-8; Ex. C at 27:11-28:4.  AISLIC

18  also contends that the court's conclusion ignores the pleadings in the underlying Baynham

19  action, which demonstrate that the RESPA claim was the sole cause of action pursued by

20  the Baynham plaintiffs "throughout the bulk of the litigation."  AISLIC argues that both types

21  of evidence constitute proof that AISLIC did introduce evidence that the Baynham

22  settlement could be allocated to the underlying RESPA claim, and that the court's decision

23  should be modified accordingly.

24        No modification is necessary.  As the court made clear in its findings of fact and

25  conclusions of law, and as PMI points out in its opposition to the instant motion, AISLIC

---

27        [3]    In setting forth the amended paragraph, the court finds that PMI's proposed amendment adequately addresses the issues set forth.  The court thereby adopts PMI's proposed amendment.

United States District Court

For the Northern District of California

1    was required to introduce "nonspeculative evidence sufficient to establish the identification,

2    allocation and quantification of *specific* settlement amounts that are subject to the three

3    exclusions" claimed by AISLIC.  See FOF and Col at 9:26-10:1 (emphasis added).  In order

4    to do so, AISLIC first needed to establish which *specific* portion of the Baynham settlement

5    was directly attributable to the Baynham plaintiffs' RESPA claim.  Neither the

6    Calhoun/Spencer deposition testimony, nor the underlying Baynham pleadings, however,

7    proves as much.  The evidence establishes only that the underlying RESPA claim was *one*

8    important factor that led to settlement.  It does not establish that RESPA was the *only*

9    factor that led to settlement, nor does it establish that some specific portion of the Baynham

10   settlement otherwise corresponds with the degree to which the RESPA claim was a factor

11   in the settlement.  Indeed, as the court already stated in passing upon this evidence in its

12   findings of fact and conclusions of law, the evidence actually demonstrates that the

13   Baynham settlement was intended as consideration for RESPA *and* state law claims, and

14   that its negotiators never even discussed any specific allocation amounts among the

15   different causes of action.  See id. at 4:26-5:5; 10:16-24; 11:9-12.

16        Moreover, although AISLIC attempted to argue that the court could use a "timeline"

17   approach that would allow the court to allocate some portion of the Baynham settlement to

18   the underlying RESPA claim in accordance with the length of time that RESPA was the

19   sole cause of action in the underlying complaint, the court expressly considered and

20   rejected this approach, noting that it was not supported by any witness testimony,

21   documentary evidence, or legal authority.  Id. at 12:15-19.

22        As such, the court reiterates what it made clear the first time around: AISLIC has

23   failed to introduce any evidence sufficiently demonstrating that any portion of the Baynham

24   settlement could be allocated to the Baynham plaintiffs' underlying RESPA claim.  AISLIC's

25   motion to amend the court's findings of fact and conclusions of law on this point is

26   accordingly DENIED.

27                    3.    Burden of Proof re "Loss" Exclusions

28
                                            7

United States District Court

For the Northern District of California

1    AISLIC next takes issue with the court's conclusion that AISLIC had the burden of

2    proving at trial which portions of the Baynham settlement constituted damages that fell

3    within a "loss" exclusion under the AISLIC policy.  AISLIC acknowledges that California

4    courts have recognized that "proving the applicability of an insurance policy exclusion is the

5    insurer's burden," but asserts that, since it is PMI's attorneys who actually defended against

6    the Baynham action and settled the case, it is PMI who should bear the burden of proof as

7    to the amounts that might qualify as a "loss" exclusion.

8         This argument is unpersuasive.  As AISLIC itself notes, it is well-established under

9    California law that the insurer bears the burden of proving that a policy exclusion operates

10   to bar coverage.  See, e.g., MacKinnon v. Truck Ins. Exch., 31 Cal.4th 635, 648

11   (2003)(once insured shows that claim is within basic scope of coverage, burden is on

12   insurer to establish that exclusions apply); Garvey v. State Farm Fire & Cas. Ins. Co., 48

13   Cal. 3d 395, 406 (1989)(same).  So here.  The mere fact that PMI defended against the

14   Baynham action and might therefore be better placed to convey information regarding the

15   actual payments made under the Baynham settlement, in no way alters the court's

16   adherence to controlling state authority.  AISLIC was free, after all, to develop necessary

17   details regarding allocation, if available, through pre-trial discovery.  The fact that it was

18   unable to do so does not justify wholesale revision of state law.  This conclusion is further

19   buttressed by the fact that AISLIC fails to support its position with any contrary legal

20   authority.

21        Accordingly, the court hereby DENIES AISLIC's request to amend the findings of

22   fact and conclusion of law on this ground.

23              4.    Exclusion of AISLIC's Expert Witness

24        Next, AISLIC contends that the court erroneously excluded the testimony of

25   AISLIC's expert, Thomas Alborg.  Had the court allowed AISLIC to present this testimony,

26   contends AISLIC, it would have been able to better meet its burden in demonstrating that

27   the underlying Baynham action related to the Baynham plaintiffs' RESPA claim.  Alborg

28

8

United States District Court

For the Northern District of California

1   would have testified, for example, that the Baynham plaintiffs' claims were founded on

2   violation of section 8 of RESPA.

3       These arguments present no basis for reconsideration of the court's decision to

4   exclude Alborg's testimony.  As the court stated on the record in granting PMI's motion to

5   exclude Alborg's testimony, Alborg's proposed two page expert report and testimony were

6   based on legal opinions and assumptions regarding the reasons why the underlying

7   Baynham parties settled the case.  Alborg's opinion did not rest on any personal

8   experience in the Baynham action, nor was his opinion based on knowledge that he

9   obtained from acting principals in the Baynham action.  Rather, Alborg's opinion was of a

10  hypothetical nature, based on the underlying complaints and pleadings on file in the

11  Baynham action, and on his general – even if substantive – experience in litigating class

12  actions.  The court found, and continues to find, that this is an insufficient basis upon which

13  to admit expert testimony.

14      Moreover, AISLIC presents no additional evidence or argument here that would

15  warrant the court's reconsideration of the findings of fact and conclusions of law.  It has

16  offered no evidence that the court mistook the nature of Alborg's opinion, or that the court's

17  decision in excluding Alborg's testimony was in violation of established legal precedent.

18  Rather, AISLIC simply re-hashes the same arguments it made in opposition to PMI's

19  motion to exclude.  This is not an appropriate basis for amending the court's decision.

20      Accordingly, the court denies AISLIC's motion to amend its findings of fact and

21  conclusions of law on this ground.

22          5.    Baynham Settlement as Restitutionary Damages

23      Finally, AISLIC argues that the court erred when it held that AISLIC had offered no

24  evidence or authority that any payment made by PMI as part of the Baynham settlement is

25  "uninsurable" as a matter of law, such that it could qualify as a loss exclusion.  AISLIC

26  argues that RESPA claims brought by the Baynham plaintiffs "essentially seek restitution,"

27  which are damages that are uninsurable under California law and therefore excluded as

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

"loss" under the AISLIC policy.  Moreover, claims AISLIC, since the <u>Baynham</u> plaintiffs' damages are restitutionary, AISLIC should also not be required to pay any of PMI's attorney's fees that flow from PMI's violation of RESPA.

The fundamental problem with these arguments is that they have been made before. These arguments were raised, discussed, and ruled upon in the court's findings of fact and conclusions of law.  As the court held therein: "[a]lthough AISLIC contends that the settlement reflects damages in the form of disgorgement, which is technically uninsurable in California as a matter of public policy, AISLIC has presented no evidence that the <u>Baynham</u> settlement provided for any disgorgement of monetary amounts to the plaintiff class, or even that PMI ever affirmatively received any sums of money from the Baynham plaintiffs, such that these amounts could even be deemed disgorgement damages in the first place."  <u>See</u> FOF and COL at 13:16-23.  Whether labeled as "restitution" rather than disgorgement, the analysis is the same, particularly since AISLIC has, once again, failed to present any new evidence or argument before the court.

In sum then, AISLIC has presented no basis for amendment of the court's decision. The court therefore DENIES AISLIC's motion to amend on the above ground.

C.    Conclusion

In conclusion, with the exception of the single narrow ground discussed herein, none of AISLIC's arguments warrant reconsideration of the court's findings of fact and conclusions of law, or altering or amending the judgment.  Indeed, nearly all arguments amount to a re-argument of issues already presented and decided by the court.  As such, it is difficult to conclude that AISLIC's motion constitutes much more than an attempt at a second bite at the apple.

The instant motion is therefore GRANTED, and the findings of fact and conclusions of law thereby amended, with respect to the narrow issue set forth above in connection with AISLIC's first ground for relief.  The motion is DENIED, however, as to all remaining

grounds.

**IT IS SO ORDERED.**

Dated: June 28, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court

For the Northern District of California

11